# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| LOUIS FELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10CV00008 MLM |
| | ) | |
| UNKNOWN RICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Louis Felton (registration no. 361102), an inmate at Moberly Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $30.88. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $154.42, and an average monthly balance of $41.12. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $30.88, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged medical mistreatment. Named as defendants are Unknown Rice (physician), Unknown Hernandez (physician), J. Sulltrop (nurse), Unknown Hakala (physician), J. Brown (health care administrator), E. Conley (regional medical director), Lisa Jones (constituent officer), Jim Moore (superintendent), Larry Crawford (department director), Gale Bailey (medical contract monitor), Mary Owens (health care administrator), Dana Meyer (health service administrator), John Does 1-6 (unspecified medical personnel), Unknown Bowler (physician), Al Luebbers (warden), and Brenda Burlbaw (health service administrator). The complaint seeks monetary relief.

Plaintiff alleges that on January 25, 2006, while he was incarcerated at Southeast Correctional Center ("SECC"), he injured his left knee. Plaintiff claims that on February 1, 2006, X-rays were taken of his left knee; on February 3, 2006, defendant Hakala diagnosed plaintiff with a left knee strain and prescribed Motrin for pain along with the use of crutches for one week.

On February 9, 2006, plaintiff was transferred to the Northeast Correctional Center ("NECC"). Plaintiff alleges that on February 10, 2006, he was seen by defendant Rice, who gave orders to alternate heat and ice on plaintiff's left knee for two weeks. On February 14, 2006, Rice saw plaintiff again, diagnosed him with a knee

strain, and prescribed the use of crutches for two weeks. Plaintiff alleges that he continued to have pain and swelling in his left knee. Plaintiff claims that he returned to sick call on May 8, 2006, with complaints of left knee pain. Plaintiff says that defendant Hernandez evaluated his knee on May 12, 2006; Hernandez prescribed Motrin and an ace bandage for two months. On the same day, alleges plaintiff, he saw Rice, who gave plaintiff the same diagnosis and prescribed another X-ray for plaintiff's knee. Plaintiff claims that the X-rays came back on May 24, 2006, and that they were normal. Plaintiff says he had swelling and pain in his knee at that time but nothing new was prescribed.

Plaintiff alleges that on June 5, 2006, the pain and swelling in his knee was so bad he had to "have bed rest." On June 7, 2006, plaintiff returned to sick call with a complaint of knee pain and swelling; plaintiff says that the nurse gave him an ice pack and an ace bandage for the swelling. Plaintiff alleges that on August 7, 2006, he returned to sick call for continued knee pain and swelling. On that day, plaintiff was given a lay-in from work until his doctor's appointment; he was further issued Ibuprofen for the pain, instructed to put ice on his knee, and placed on a referral to see a physical therapist. Plaintiff claims that on September 5, 2006, he wrote a grievance in which he demanded to have an MRI and surgery.

Plaintiff alleges that on September 26, 2006, he was seen by a physical therapist who instructed him to engage in home exercise for four weeks. Plaintiff says that on November 1, 2006, Rice ordered an MRI for plaintiff's knee. An MRI was performed on December 22, 2006. Plaintiff claims that defendant Bowler read the results and gave plaintiff medication for the pain, gave him a knee brace, and referred him to see an outside specialist. Plaintiff alleges that on February 9, 2007, the specialist determined that surgery on the knee was considered elective and that conservative treatment should be considered. Plaintiff's main complaint is that he never received surgery.

Plaintiff's allegations against the other defendants are that he wrote them letters or he sent them grievances, which were not resolved in the manner in which he would have preferred.

## Discussion

To state a claim for unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants

actually knew of but disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). The allegations in this case show that the physician defendants diagnosed his knee pain and prescribed treatments for it, which included knee braces, heat and ice, crutches, rest, physical therapy, an MRI, and a visit to an outside specialist. These allegations demonstrate a mere disagreement between plaintiff's desires and his physicians' judgments. They fall short of showing deliberate indifference and, therefore, fail to state a claim upon which relief can be granted under § 1983.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). In the instant action, plaintiff has not set forth any facts indicating that the non-physician defendants were directly involved in or personally responsible for the

alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants as well.

For these reasons, this action will be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $30.88 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 19th day of February, 2010.

                                E. RICHARD WEBBER
                                UNITED STATES DISTRICT JUDGE